UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALAHUDDIN F. SMART, | Civil Action No. 15-1064 |
| Plaintiff, | |
| v. | OPINION |
| EVELYN DAVIS, ADMINISTRATOR, | |
| Defendant. | |

**WOLFSON, District Judge:**

I.      **INTRODUCTION**

Plaintiff's Amended Complaint raises Eighth Amendment and state law claims for incarceration beyond the expiration of his sentence, against the New Jersey Department of Corrections ("NJDOC") and several NJDOC employees, including Defendant Evelyn Davis. Davis has moved to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons explained in this Opinion, the Court will dismiss the Eighth Amendment against Defendant Davis because Plaintiff's claim for incarceration beyond the expiration of his sentence is barred at this time by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court will also dismiss the federal claims against the remaining unserved Defendants on the basis of *Heck* pursuant to its screening authority under 28 U.S.C. § 1915A, dismiss Plaintiff's request for declaratory relief, and decline supplemental jurisdiction over the remaining state law claims. Although the Court finds that it is unlikely that Plaintiff can provide facts to cure the deficiencies in his Amended Complaint, it will, out of an abundance of caution, provide Plaintiff with 30 days within which to submit an Amended Complaint.

1

## II.    <u>FACTUAL BACKGROUND & PROCEDURAL HISTORY</u>

Plaintiff, who was released from prison on November 11, 2014, has filed a civil rights Complaint alleging that he was unlawfully incarcerated beyond his maximum sentence. In his original Complaint, Plaintiff sued only the New Jersey Department of Corrections Administrator Evelyn Davis in her capacity as a supervisor.[1] (No. 1.) He further alleged that unidentified members of the NJDOC classification committee told Plaintiff that the sentencing court erred in aggregating Plaintiff's non-violation of parole sentence ("Non-VOP") with his violation of parole sentences ("VOP"), and that the error required the classification committee to reduce his award of jail credits. (No. 1-3, Ex. C.) In his original Complaint, Plaintiff did not identify the classification committee members or name them as Defendants; instead, he alleged that Defendant Evelyn Davis failed to train and supervise her subordinates regarding their obligation to award court-ordered jail credits in accordance with the judgment of conviction and order of commitment. (*Id.*, Compl. at 1.)

Plaintiff also attached to his original Complaint a signed letter from the Honorable Michele M. Fox, J.S.C. dated September 12, 2014, which references indictment No. 2110-08-12.2 (No. 1-3, Ex. A to original Complaint.) Plaintiff further alleged in his original Complaint that he notified Defendant Davis by certified mail about the dispute over jail credit prior to his

---

[1] Although Plaintiff's original Complaint alleged that he was held ten days beyond the expiration of his sentence, the difference between the number of jail credits to which Plaintiff claimed to be entitled and the number awarded is eleven. In his Amended Complaint, Plaintiff alleges that he was held for 11 days beyond the expiration of his sentence.

[2] Plaintiff also attached to his original Complaint what appears to be his subsequent email correspondence to Judge Fox, in which Plaintiff explained that the DOC classification committee members were aware of Judge's Fox's letter to Plaintiff but nevertheless refused to award the additional 10 days of jail credit. (*Id.* at Ex. B.)

release on November 11, 2014, but she declined to assist him or stop the practice in which the classification committee refuses to award court-ordered jail credit. (*Id.*, Compl. at 1-2.)

The Court granted Plaintiff's IFP application on March 20, 2015 (ECF No. 3), and screened his original Complaint on July 7, 2015. (ECF No. 4.) In its screening Order, the Court construed Plaintiff's Complaint as an Eighth Amendment claim for incarceration beyond the expiration of his sentence and declined to dismiss that claim at screening pursuant to 28 U.S.C. §1915(e)(2)(B). In a footnote, the Court noted that

> the Third Circuit applies the favorable termination rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), to Eighth Amendment claims based on incarceration beyond the original sentence. *See Glenn v. Pennsylvania Bd. of Probation and Parole*, 410 F. App'x 424 (3d Cir. 2011); *see also Deemer v. Beard*, 557 F. App'x 162, 163-167 (3d Cir. Feb. 27, 2014) (applying favorable termination requirement where the prisoner has finished serving sentence and thus it is no longer possible to meet the "favorable termination" requirement of Heck via habeas corpus). Here, however, Plaintiff has attached correspondence from Judge Fox that appears to confirm that Plaintiff is entitled to 285 jail credits on indictment 2110-08-12.   (No. 1-3, Ex. A.) The Court also notes the recent New Jersey Appellate Division decision in *State v. DiAngelo*, 434 N.J. Super. 443, 460-61 (App. Div. 2014) (finding that defendant was entitled to jail credits for the period of pre-adjudication confinement against the VOP sentence and the sentence for the new offense). As such, the Court finds that any finding on favorable termination would be premature at this juncture.[3]

(ECF No. 4.)

Summons issued and was returned executed by Defendant Davis on February 15, 2016. (ECF Nos. 14, 15.) Defendant Davis subsequently moved for a 60-day extension of time within

---

[3] The Court also directed Defendant Davis to address in her response the Appellate Division's decision in *State v. DiAngelo*, 434 N.J. Super. 443, 460-61 (App. Div. 2014), as it relates to Plaintiff's claims and Heck's favorable termination requirement. (*Id.*)

3

which to answer or otherwise respond to the Complaint, which was granted by the Court on

February 23, 2016.) (ECF Nos. 17, 19.)

On March 7, 2016, Plaintiff filed an Amended Complaint, which names additional

NJDOC Defendants and alleges additional claims for relief under the New Jersey State

Constitution. (ECF No. 20.) The Amended Complaint provides the following factual recitation:

> 1.      The classification committee members Katherine Raynor,
> Jill Doran, Tiffany Harris and Elizabeth Hasselberger were fully
> aware plaintiff was given 285 days jail credits by order of the state
> court.
>
> 2.      Honorable Michele M. Fox, J.S.C. letter dated September
> 12, 2014 purportedly confirms that plaintiff was entitled to 285
> days lawful jail credits. Ex. D.
>
> 3.      The Craf classification committee only applied 274 days
> jail credits to plaintiff[']s sentence instead of 285.
>
> 4.      Defendant Davis became aware through certified mail
> about the dispute the plaintiff ha [sic] with respect to the failure to
> apply the 11 days to his sentence thereby changing his release date
> from November 11, 2014 to November 1, 2014.
>
> 5.      Plaintiff original sentence included 285 lawful jail credits
>
> 6.      Plaintiff challenges the application of Jail credits before the
> classification committee and through the grievance process.

(*Id.*, Am. Compl. at 7.)

The Amended Complaint also reattaches the September 12, 2014, letter from Judge Fox,

as Exhibit A. (ECF No. 20, at 14 (Ex. A).) The reference line of the letter from Judge Fox reads

as follows: "*State v. Salahuddin Smart* (Indictment No. 2110-08-12) Motion for Reduction of

Sentence." The body of the letter states in relevant part:

> The Court acknowledges receipt of your correspondence
> dated August 31, 2014, seeking an amendment to your Judgment
> of Conviction & Order of Commitment. You state that the system
> should reflect that you have 285 jail credits, rather than 274 jail
> credits.
>
> A review of the Court's audio recording system, as well as
> the Sentencing Statement in your Judgment of Conviction & Order

4

> of Commitment indicates that you received 11days jail credits:
> from 3/21/12 to 3/31/12. Furthermore, in accordance with your
> plea agreement, you received 274 negotiated concurrent days jail
> credits: from 8/1/12 to 5/1/13. Therefore, you have 285 jail credits.
> A copy of your Judgment of Conviction & Order of commitment is
> enclosed.
>
> Accordingly, no modification of jail credits is warranted.

(*Id.*) An Inmate Grievance Form dated October 14, 2014 is attached to the Complaint as Exhibit

C.[4] The portion of the grievance filled out by Plaintiff provides additional background for the

jail credit dispute between Plaintiff and the NJDOC:

> What NJ State law allows or states that jail credits from VOP terms
> do not aggregate with non-VOP terms? In my situation on CRAF
> face sheet[,] how does it apply that each run separately with the
> longest term belonging the controlling. Did you review my order
> and commitment and judgment of conviction awarding 285 lawful
> jail credits. Are you stating the court order was or indicating that I
> am misinformed to believe I was going to receive 285 days as all
> lawful jail credits owed on jail credits from VOP terms do not
> aggregate with non-VOP terms? So my plea deal was misleading?

(*Id.* at Ex. C.) The response from prison officials, which appears to have been written by

Defendant J. Gentilini, and is dated October 24, 3014, states as follows: "Yes, your judgments

were reviewed & application of jail credits is in accordance [with] DOC practices. You will

remain at CRAF until your pending release date." (*Id.*) The administrative appeal section of the

grievance form is blank. (*See id.*)

The Amended Complaint alleges that Evelyn Davis is liable under the Eighth

Amendment and the New Jersey Constitution for declining to assist Plaintiff or stop the

classification committee from refusing to award court-ordered jail credits. (ECF No. 20, Am.

Compl. at Counts 1 & 9.) The Amended Complaint further alleges that Defendants Katherine

---

[4] Attached to Plaintiff's Amended Complaint as Exhibit B is a NJDOC Inmate Inquiry Form,
which appears to have been completed by Plaintiff and is dated October 8, 2014.

Raynor, Jill Doran, Tiffany Harris, and Elizabeth Hasselberger are liable under the Eight Amendment and the New Jersey Constitution for allegedly refusing to award the 11 days of court-ordered jail credits. (*Id.* at Counts 2-5 & Counts 10-13.) The Amended Complaint also alleges that a Defendant identified as J. Gentilini is liable in her personal supervisory capacity under the Eighth Amendment and the New Jersey Constitution for declining to assist Plaintiff or stop the NJDOC practice of refusing to award court-ordered jail credits. (*Id.* at Counts 7 & 14 (citing Ex. C).) The Amended Complaint also appears to allege that Defendant Gary Lanigan is liable in his personal supervisory capacity under the Eighth Amendment and the New Jersey Constitution for declining "to assist Plaintiff and others or stop the New Jersey Department of Corrections practice in which the classification committee refuses to award court-ordered lawful jail credits."[5] (*Id.*, Am. Compl. at Count 12; *see also* Count 13.)

In addition to the allegations against the individual Defendants, Count six of the Complaint seeks relief for cruel and unusual punishment under the New Jersey Constitution for the New Jersey Department of Corrections' "practice that Jail credits state court ordered from VOP terms will not aggregate with Non-VOP terms subsequently each run separately with the longest becoming the controlling." (*Id.* at Count 6.) Count 8 of the Complaint requests a declaratory judgment against the NJDOC declaring the practice of not awarding court-ordered jail credits to violate the Eighth Amendment. (*Id.* at Count 8.)

On April 21, 2016, Defendant Davis filed the instant motion to dismiss the Amended Complaint.[6] (ECF No. 23.) In connection with her motion to dismiss, Defendant Davis has

---

[5] Plaintiff's Amended Complaint repeats Counts 12 and 13.

[6] Plaintiff filed his brief in opposition on May 16, 2016. (ECF No. 24.)   Defendant Davis filed her reply brief on May 20, 2016. (ECF No. 26.)

attached as exhibits Plaintiff's NJDOC Face Sheet Report, which was also attached to Plaintiff's

original Complaint, and the three Judgments of Conviction ("JOCs") that form the basis for

Plaintiff's claim that he was unlawfully held beyond the expiration of his sentence.[7]

Plaintiff's Face Sheet Report indicates that Plaintiff was sentenced on May 2, 2013, in

New Jersey State Court to a custodial term of three years, concurrent, on three charging

instruments: indictment numbers 12-08-2110-I and 09-12-3835-I, and accusation number 10-03-

686-A.8  (ECF No. 23-2, Plaintiff's Face Sheet Report, attached as Ex. C to Def. Motion to

Dismiss; *see also* ECF No. 1-3, Ex. E to Plaintiff's original Complaint.) Indictment number 12-

08-2110-I, which is the indictment referenced in the letter from Judge Fox, charged Plaintiff with

four counts of third degree drug related offenses. (Certified Judgment of Conviction and Order of

Confinement ("JOC") for Indictment number 12-08-2110-I, attached as Exhibit D). As part of

Plaintiff's plea deal, he pled guilty to one count of possession of controlled dangerous substance

with the intent to distribute. (*See id.*) As part of the same plea deal, Plaintiff pled guilty to

violating his probation previously imposed on indictment number 09-12-3835-I and accusation

number 10-03-686-A. (Certified Change of Judgment of Conviction and Order of Confinement,

VOP for indictment number 09-12-3835-I and accusation number 10-03-686-A, attached as Exs.

E and to Def. Motion to Dismiss.)   Thus, on May 2, 2013, Plaintiff was sentenced on current

charges (indictment number 12-08-2110-I), and two violation of probation ("VOP") charges, *i.e.*,

indictment number 09-12-3835-I and accusation number 10-03-686-A). (Ex. C at page 2; Ex. D

through F).

---

[7] As explained in the Analysis section of this Opinion, Plaintiff attached his NJDOC Face Sheet
to his original Complaint, and the three JOCs are integral to Plaintiff's Amended Complaint.

The JOC for the new charges, *i.e.*, indictment number 12-08-2110-I, indicates that Plaintiff received eleven days jail credit for his period of incarceration from March 21, 2012, through March 31, 2012. (Ex. D at page 3). He also received 274 days jail credit for his period of incarceration from August 1, 2012, through May 1, 2013. (*Id.*) Thus, Plaintiff received a total of 285 jail credits on indictment number 12-08-2110-I. (*Id.*) The JOCs for the VOPs, *i.e.*, indictment number 09-12-3835-I and accusation number 10- 03-686-A, indicate, however, that Plaintiff received only the 274 days jail credit from August 1, 2012, through May 1, 2013 (Exhibits E and F at pages 3, respectively), and did not receive the eleven additional days of jail credit from March 21, 2012, through March 31, 2012. (*See id.*)

## III.   <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."[9] Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented."   *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.   *Evancho v.*

---

[9] The Court also screens the Amended Complaint pursuant to 28 U.S.C § 1915A. The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

*Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In ruling on a motion to dismiss, Courts are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

IV.   **ANALYSIS**

a.  **Exhibits Submitted by Defendant Davis in Connection with Motion to Dismiss**

In connection with her motion to dismiss, Defendant Davis has attached as exhibits copies of Plaintiff's NJDOC Face Sheet and the JOCs that form the basis for Plaintiff's allegations that he was held beyond the expiration of his sentence. Counsel for Defendant Davis has submitted a certification indicating that these documents are true and accurate copies.   (ECF

No. 23-3, Certification of Adam Robert Gibbons at ¶¶ 4-5.) Plaintiff also submitted a copy of his NJDOC Face Sheet Report with his original Complaint. (ECF No. 1-3, Ex. E to Plaintiff's original Complaint.)

The Court may properly consider the JOCs only if they are integral to, or relied upon by Plaintiff in his Complaint. *See U.S. ex rel. Petras v. Simparel, Inc.*, No. CIV.A. 13-2415 FLW, 2015 WL 337472, at *7, n.21 (D.N.J. Jan. 26, 2015) (citing *Stratechuk v. Bd. of Educ.*, 200 F. App'x 91, 94 (3d Cir. 2006) ("Under certain circumstances ... it is permissible for a court to consider matters of 'public record' in ruling on a motion to dismiss. A prerequisite to consideration of an admittedly authentic public document as a part of a motion to dismiss is that the plaintiff's claim relies on that document.") (internal citation omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (holding that a district court may only use a "document integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into a motion for summary judgment).

Here, the JOCs submitted by Defendant Davis form the basis for Plaintiff's claim that he was held beyond the expiration of his sentence. In addition, Plaintiff has attached to his Amended Complaint a copy of a grievance he filed in connection with the dispute over his pending release date, in which he states as follows:

> What NJ State law allows or states that jail credits from VOP terms do not aggregate with non-VOP terms? In my situation on CRAF face sheet[,] how does it apply that each run separately with the longest term belonging the controlling. Did you review my order and commitment and judgment of conviction awarding 285 lawful jail credits. Are you stating the court order was or indicating that I am misinformed to believe I was going to receive 285 days as all lawful jail credits owed on jail credits from VOP terms do not aggregate with non-VOP terms?   So my plea deal was misleading?

(*Id.* at Ex. C.) The response from prison officials states that Plaintiff's "judgments were reviewed & application of jail credits is in accordance [with] DOC practices." (*Id.*) The Court finds that the three JOCs are referred to and integral to Plaintiff's Amended Complaint, and the Court may properly consider them on the instant motion to dismiss.[10]

### b. Eighth Amendment Claim for Incarceration Beyond the Expiration of Sentence

The Court begins with Plaintiff's Eighth Amendment claim for incarceration beyond the length of his sentence, which is brought pursuant to 42 U.S.C. § 1983.   Defendant Davis has moved to dismiss this claim, arguing (1) that it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and that (2) Plaintiff fails to allege sufficient facts to state a claim for relief against Defendant Davis.

Detaining a prisoner beyond the termination of his or her sentence can amount to cruel and unusual punishment in violation of the Eighth Amendment. *See Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989); *see also Edwards v. Power*, et al., No. 07–4121, 2014 WL 5092916, at 5 (D.N.J. Oct. 10, 2014). To state a Section 1983 claim for incarceration beyond the expiration of a prisoner's sentence, a prisoner must establish that: (1) a prison official "had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted"; (2) the prison official "either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate

---

[10] Defendant also asks the Court to take judicial notice of the Order denying Plaintiff's appeal of his sentence. "[O]n a motion to dismiss, [courts] may take judicial notice of another court's opinion—not for the truth of the matter asserted, but for the existence of the opinion." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Thus, "a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment." *Id; see also Brody v. Hankin*, 145 F. App'x 768, 772 (3d Cir. 2005). The Court takes notice of the existence of the opinion only.

indifference to the prisoner's plight"; and (3) a causal connection exists between the prison official's response to the problem and the unjustified detention." *Moore v. Tartler*, 986 F .2d 682, 686 (3d Cir. 1993).

Here, Plaintiff's Amended Complaint alleges that that "classification committee members Katherine Raynor, Jill Doran, Tiffany Harris and Elizabeth Hasselberger were fully aware plaintiff was given 285 days jail credits by order of the state court[]" but "only applied 274 days jail credits to plaintiff[']s sentence instead of 285." Plaintiff alleges that "Defendant Davis became aware through certified mail about the dispute the plaintiff ha [sic] with respect to the failure to apply the 11 days to his sentence thereby changing his release date from November 11, 2014 to November 1, 2014." Plaintiff further alleges that his "original sentence included 285 lawful jail credits" and he has attached the letter from the sentencing judge, which appears to confirm that he was entitled to 285 jail credits on indictment number 12-08-2110-I.

Plaintiff's Face Sheet Report indicates, however, that Plaintiff was sentenced to a custodial term of three years, concurrent, on <u>three</u> charging instruments: indictment numbers 12-08-2110-I and 09-12-3835-I, and accusation number 10-03-686-A.11 (ECF No. 23-2, Plaintiff's Face Sheet Report, attached as Ex. C to Def. Motion to Dismiss). The JOCs establish that Plaintiff was awarded jail 285 jail credits on the new charges, *i.e.*, indictment number 12-08-2110-I, but was awarded only 274 jail credits on the VOP charges, *i.e.*, indictment number 09-3835-I and accusation number 10-03-686-A.9. Put simply, that means that when Plaintiff completed the custodial sentence for the new charges, he still had 11 days left to serve on the sentences imposed on the VOP charges.

---

The NJDOC is without authority to alter the jail credits listed on the JOCs. *See Goines v. New Jersey Dep't of Corr.*, No. A-0131-11T4, 2012 WL 3640618, at *1 (N.J. Super. Ct. App. Div. Aug. 24, 2012)(citing *Glover v. N.J. State Parole Bd.*, 271 N.J. Super. 420, 423 (App. Div. 1994) (holding that "the Parole Board's obligation is the administration of the parole process for each defendant but within the parameters of and in compliance with the terms of the sentence imposed by the trial court"). As explained by the New Jersey Appellate Division, a plaintiff like Mr. Smart, who believes he was awarded the wrong amount of jail credit must seek to amend his JOC(s) by filing a formal motion with the trial court. *See State v. DiAngelo*, 434 N.J. Super. 443, 84 A.3d 1019 (App. Div. 2014)(A challenge to an award or denial of jail credits constitutes an appeal of a sentence not imposed in accordance with law.); *Goines*, 2012 WL 3640618, at *1. As discussed below, although Plaintiff has attached to his Complaint a letter from the sentencing judge that suggests that he sought to modify the jail credits awarded on the new charges, he has not provided facts to indicate that he successfully challenged the award of jail credit on the VOP charges, which control his release date. *See, generally, Richardson v. Nickolopoulos*, 110 N.J. 241, 246 (N.J. 1988)(explaining that when a sentence includes concurrent sentences on multiple charges, "the shorter terms merge in and are satisfied by the discharge of the longest term")(quoting N.J.S.A. § 2C:44-5e).

Because Plaintiff has not provided facts showing that he successfully challenged the VOP sentences, his claim is not cognizable due to the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court held in *Heck* that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by

13

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-7.

The Third Circuit applies *Heck's* favorable termination rule to Eighth Amendment claims based on incarceration beyond the original sentence. *See Glenn v. Pennsylvania Bd. of Probation and Parole*, 410 F. App'x 424, 426 (3d Cir. 2011) ("Were we to agree with [Plaintiff] that he has been imprisoned beyond the expiration of his sentence, that would necessarily imply that the Parole Board has incorrectly determined his release date or has failed to timely release him. Because no court has so held, [Plaintiff's] action is barred by *Heck*."). The Third Circuit also applies *Heck's* favorable termination requirement where a prisoner, like Mr. Smart, has finished serving his sentence and it is no longer possible to meet the "favorable termination" requirement of *Heck* by obtaining habeas corpus relief. *See Deemer v. Beard*, 557 F. App'x 162, 163-167 (3d Cir. Feb. 27, 2014); *see also Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006) (declining to hold that Heck's favorable termination rule does not apply to defendants who are no longer in custody absent clear direction from the Supreme Court).

In *Deemer*, for instance, the Plaintiff was paroled from a Pennsylvania prison with 489 days left on his sentence and was required to enter a drug rehabilitation program. *Id.* When he failed to report for the program, a detainer warrant was issued for his arrest and he remained a fugitive until he was arrested in New Jersey for an unrelated crime. *Id.* For 366 days, until the charges against him were dismissed, Plaintiff was detained in New Jersey without bail. *Id.* After serving time on an unrelated conviction, Plaintiff was returned to Pennsylvania and incarcerated at SCI Mahanoy. *Id.* The Parole Board determined that Plaintiff must serve the entire 489 days remaining on his sentence and rejected Plaintiff's contention that he should receive credit for the

14

366 days of custody in New Jersey. *Id.* While still in prison, Plaintiff challenged the Board's determination through several administrative and judicial avenues but did not obtain relief. *Id.* He filed his § 1983 claim after he was released, alleging that the Board had failed to credit the 366 days spent in New Jersey against his remaining sentence, which resulted in his incarceration beyond the maximum sentence. *Id.* The District Court granted Defendant's motion to dismiss relying on *Heck*. The Third Circuit upheld the dismissal, finding that *Heck's* favorable termination requirement was universal and applied even where the plaintiff was no longer in custody and thus federal habeas relief was unavailable. *Id.* at 165-66.

Here, when the Court screened the original Complaint, it determined that dismissal on the basis of *Heck* was premature. (ECF No. 4.) In his original Complaint, Plaintiff alleged that the classification committee refused to implement the order of the sentencing judge and attached a letter from the sentencing judge, which denied Plaintiff's request to modify his jail credits but appeared to confirm that he was entitled to 285 jail credits on indictment number 12-08-2110-I. As explained in this Opinion, the Court has determined that it may properly consider Plaintiff's NJDOC Face Sheet Report and the three JOCs that form the basis for his Eighth Amendment claim in determining whether he states a claim for relief. Having reviewed the relevant JOCs, the Court finds that the letter from the sentencing judge, which addresses only the new charges, *i.e.,* indictment number 12-08-2110-I, is insufficient to meet the favorable termination requirement because Plaintiff has not provided facts to suggest that he appealed the award of jail credits on the VOP charges, *i.e.*, indictment 09-12-3835-I and accusation number 10-03-686-A, and that the sentencing court or other tribunal issued an amended judgment of conviction ("AJOC") that awarded him the additional jail credits on the VOP charges. As such, Plaintiff's Amended Complaint is subject to dismissal without prejudice under *Heck*, and the Court will grant

15

Defendant Davis' motion to dismiss on that basis.[12]

It appears unlikely that Plaintiff can cure the deficiencies in his Amended Complaint. To the extent Plaintiff can show favorable termination – by providing facts establishing that he appealed jail credit award on the VOP charges and was awarded the 11 additional days of jail credit on the VOP charges – he may file an Amended Complaint within 30 days of the date of the Order accompanying this Opinion.

### c. Screening of Amended Complaint Pursuant to 28 U.S.C. § 1915A

#### i. Federal Claims Against Remaining Defendants

As required by 28 U.S.C. § 1915A, the Court also screens the Amended Complaint at this time and dismisses any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. Here, Plaintiff's Eighth Amendment claims against Katherine Raynor, Jill Doran, Tiffany Harris, Elizabeth Hasselberger, Defendant Gentilini, and Gary Lanigan, which are premised on his alleged confinement beyond the expiration of his sentence, are barred under *Heck* for the reasons stated above. The Court therefore dismisses without prejudice the federal claims against the remaining Defendants at this time.

---

[12] Defendant Davis appears to acknowledge that Plaintiff may have been entitled to the 11 additional days of jail credit pursuant to the *State v. DiAngelo*, 434 N.J. Super. 443 (App. Div. 2014), which was decided on February 13, 2014. In *DiAngelo*, the New Jersey Appellate Divison held that a Defendant was entitled to jail credit on VOP charges for the period beginning with the filing of VOP statement of charges but rejected Defendant's argument that she was entitled to jail credit from the date of her arrest on new charges. *Id.* at 461-62. As such, it appears that Mr. Smart, who seeks 11 days of jail credit in connection with his arrest on the new charges, would not be entitled to relief under *DiAngelo*. In any event, as Defendant Davis notes, Plaintiff has not provided any facts showing that he appealed the award of jail credits on the VOP charges, *i.e.*, indictment 09-12-3835-I and accusation number 10-03-686-pursuant to *DiAngelo*, which was decided after Plaintiff's excessive sentencing appeal concluded.

16

### ii.  Supplemental Jurisdiction Over Remaining State Law Claims

Plaintiff's Amended Complaint also raises state law claims for relief under the New Jersey Constitution against the individual Defendants and the NJDOC. Because the Court has dismissed the federal claims, the remaining potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons*, Inc., 983 F.2d at 1284–1285. Here, the Court has dismissed the federal claims without prejudice at the earliest possible stage of the proceedings. For that reason, the Court is inclined to exercise its discretion to decline supplemental jurisdiction.  Nevertheless, if Plaintiff files a second amended complaint that includes both federal and state law claims for relief, the Court reserves the right to

17

screen the second amended complaint for dismissal and will determine at that time whether to

assert supplemental jurisdiction over the state law claims, and correspondingly, whether

Plaintiff's declaratory relief is appropriate.

**V.      CONCLUSION**

For the reasons stated in this Opinion, Defendant Davis' motion to dismiss Plaintiff's

Eighth Amendment claim for confinement beyond the expiration of his sentence is granted.

That claim is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Pursuant to its screening authority under 28 U.S.C. § 1915A, the Court will likewise dismiss

without prejudice Plaintiff's Eighth Amendment claims for confinement beyond the expiration of

his sentence against the remaining individual Defendants, which are likewise barred by *Heck*. To

the extent Plaintiff can provide additional facts showing favorable termination with respect to the

VOP charges, he may submit an Amended Complaint within 30 days.   The Court reserves the

right to decide at that time whether to exercise supplemental jurisdiction in the event Plaintiff

fails to adequately cure his federal claims.   An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: November 29, 2016