NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALAHUDDIN F. SMART, | : |
| Plaintiff, | : Civ. No. 15-1064 (FLW) (DEA) |
| v. | : |
| EVELYN DAVIS et al., | : **OPINION** |
| Defendants. | : |

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Salahuddin F. Smart ("Smart"), commenced an action before this Court under 42 U.S.C. § 1983 and alleged that he had been incarcerated beyond the proper expiration of his criminal sentence. (ECF Nos. 1 & 20.) The Court dismissed the action without prejudice for failure to state a claim on November 29, 2016. (ECF Nos. 28 & 29.) In so doing, the Court gave Smart an opportunity to file a second amended complaint. However, Smart did not do so, but rather, he submitted a letter (ECF No. 30) months after the Court entered its previous decision. In that regard, the Court construes this submission as an application for reconsideration of the Opinion and Order dismissing the action. For the following reasons, Smart's application is DENIED.

## II. BACKGROUND

As the Court's Dismissal Opinion recited the underlying facts and procedural history in detail, only the pertinent facts are now repeated. Smart's Amended Complaint alleges that his sentence included 285 days of jail credits, but that defendants, various officers and executives of

the New Jersey Department of Corrections, applied only 274 days of jail credits when calculating Smart's release date. (*See* Am. Compl., ECF No. 20.) In short, Smart argued that his release from incarceration on November 11, 2014, instead of eleven days earlier, violated his rights under the Eighth Amendment. (*Id.* at 1–7.) Smart also alleged that this conduct violated his rights under Article I, paragraph 12, of the New Jersey Constitution. (*Id.* at 3–6.)

On April 21, 2016, defendant Evelyn Davis ("Davis") filed a motion to dismiss the Amended Complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 23.) Davis primarily argued that Smart could not recover on an Eight Amendment claim as he could not show a favorable termination—i.e., a state court order invalidating Smart's release date—under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Mem. of Law in Supp., ECF No. 23-1 at 9.)

The Court granted Davis's motion largely on this basis. (*See* ECF Nos. 28 & 29.) In making its determination, the Court considered Smart's Judgments on Conviction ("JOCs") as integral to his complaint, and observed that while the JOC for Smart's 2012 charges included 285 days of jail credits, concurrent JOCs for Smart's violation-of-parole ("VOP") charges included only 274 days of jail credits. (Op., ECF No. 28 at 6–8.) As no state court had altered or invalidated the VOP JOCs, this Court found that Smart had not shown a favorable termination, as required to proceed on a claim for incarceration beyond the original sentence, under *Heck*.[1] (*Id.* at 13–16.) Given this finding, the Court used its screening power under 28 U.S.C. § 1915A to dismiss the § 1983 claims as against the other defendants. (*Id.* at 16.) Though finding it "unlikely that [Smart] can cure the deficiencies in his Amended Complaint," the Court permitted

---

[1] The Court noted, but disagreed with, Davis' position that Smart might have been entitled to additional jail credits for his VOP JOCs based on *State v. DiAngelo*, 434 N.J. Super. 443 (App. Div. 2014). (ECF No. 28 at 16 n.12.) It concluded, however, that, even if Smart were entitled to some relief under *DiAngelo*, he had failed to apply to the state courts to receive it. (*Id.*)

2

him thirty days to file an Amended Complaint "providing facts establishing that he appealed [the] jail credit award on the VOP charges and was awarded the 11 additional days of jail credit on the VOP charges." (*Id.* at 16; *see also* ECF No. 29 at 2 & n.1.)

### III.   APPLICATION FOR RECONSIDERATION

A few months after the Court issued the opinion and order dismissing the Amended Complaint, Smart filed a letter as a "response" to the order. (ECF No. 30). He indicates that his delay in filing this letter resulted from difficulties receiving his legal mail. (*Id.*) Smart asserts that, as Davis admitted a possibility that that Smart was entitled to eleven additional days of jail credits on his VOP convictions under *DiAngelo*, his claims were not barred by *Heck*. (*Id.*) Accordingly, he concludes that his Amended Complaint "cannot be dismissed on the basis of failure to demonstrate a favorable termination." (*Id.*)

In response, Davis urges that Smart has failed to act in accordance with the Court's instructions, failing to show facts establishing a favorable termination or to include a new amended pleading. (ECF No. 31.) Davis asks that the dismissal be converted to a dismissal with prejudice, as Smart cannot reasonably allege that Davis or any Department of Corrections employee acted inconsistently with a court order. (*Id.*)

As Smart's letter challenges the rulings of the Court's prior Opinion and Order, the Court construes it as an application for reconsideration. Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for

reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).[2]

In this application, Smart fails to make any showing that would warrant the Court's reconsideration of its prior Opinion and Order. His letter does not establish an intervening change in law, does not rely on newly available evidence, and does not identify any clear error of law or fact. *See Max's Seafood Cafe*, 176 F.3d at 677. Instead he simply asserts, again, that Davis admitted that Smart was entitled to eleven additional days of jail credits on his VOP convictions. (ECF No. 30.) This is a blatant attempt to reargue issues that the Court has already addressed and rejected. Not only did the Court's prior Opinion already establish its disagreement with the position that *DiAngelo* supports Smart's arguments, but it noted that, even if that position were correct, Smart did not pursue any relief on this basis, as required by *Heck*. (*See* ECF No. 28 at 16 n.12.) Accordingly, Smart has not shown the "extraordinary remedy" of reconsideration is appropriate. *See Buzz Bee Toys*, 20 F. Supp. 3d at 515.

For the reasons discussed in the Court's prior Opinion, (ECF No. 28 at 17–18), the Court declines to exercise supplementary jurisdiction to consider Smart's state-law claims.

---

[2] While Smart's request for reconsideration is filed out of time, the Court will, nonetheless, consider it since Smart indicated that he had difficulties receiving mail.

## IV. CONCLUSION

For the foregoing reasons, Smart's letter, which the Court construes as an application for reconsideration of its prior Opinion and Order, (ECF No. 30), is DENIED.[3] An appropriate Order will be entered.

DATED: February 14, 2018

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

---

[3] To the extent that the Court considers the request by Davis in her response letter to dismiss Smart's Amended Complaint *with* prejudice, the Court notes that claims dismissed under *Heck* "should be dismissed without prejudice to the plaintiff pursuing relief through the proper avenue." *Schreane v. Marr*, ___ F. App'x ___, 2018 WL 480483, at *4 (3d Cir. Jan. 19, 2018) (modifying grant of summary judgment based on *Heck* bar to dismissal without prejudice); *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 143 n.4 (3d Cir. 2016), *cert. denied sub nom. Coulston v. Cameron*, 137 S. Ct. 2245 (2017), *reh. denied* 138 S. Ct. 45 (2017).